UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IAN WRIGHT,
     Petitioner,

No. 3:09-cv-1206 (SRU)

     v.

WARDEN LEE,
     Respondent.

## RULING AND ORDER

On July 29, 2009, in the above-captioned case, Ian Wright filed a petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2002 conviction for murder and

carrying a pistol without a permit.  On April 14, 2010, I granted Wright's motion to stay the

action pending his exhaustion of unexhausted claims.  *See* Doc. No. 12.  On May 22, 2013, I

granted his motion to lift the stay.  *See* Doc. No. 24.  On February 10, 2014, I re-imposed a stay

of the action.  *See* Doc. No. 41.  On April 7, 2014, Wright filed a motion to lift the stay and an

amended petition for writ of habeas corpus.  *See* Doc. No. 44.  On October 9, 2014, the

respondent filed a response to the amended petition.  *See* Doc. No. 72.  From November 2014 to

November 2015, Wright sought and I granted leave to file multiple memoranda and appendices

in reply to the response to the amended petition.   *See* Doc. Nos. 81–102.

On August 32, 2015, Wright filed a second habeas petition pursuant to 28 U.S.C. § 2241

challenging the same 2002 convictions for murder and carrying a pistol without a permit that he

challenges in the present petition.  *See Wright v. Falcone*, Case No. 3:15cv1308 (SRU).   The

petition raised two new claims.  On November 10, 2015, the respondent moved to treat the

petition as a motion to amend the amended petition in this action.  In response, on November 17, 2015, the petitioner filed motions to dismiss, to withdraw the petition and for relief from judgment.  *See* Doc. Nos. 100, 104–05.  On November 28, 2015, I issued an order consolidating *Wright v. Falcone*, Case No. 3:15-cv-1308 (SRU) with this action.  *See* Doc. No. 106.  On November 24, 2015, Wright filed motions for an immediate hearing and for a court order in the consolidated action.  *See* Doc. Nos. 107, 110.  For the reasons set forth below, the motions filed by the petitioner and respondent are denied without prejudice.

The petition for writ of habeas corpus in the second/member case was filed pursuant to 28 U.S.C. § 2241.  "A motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions."  *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (citing *Chambers v. United States*, 106 F.3d 472, 474–75 (2d Cir. 1997) (describing situations where a federal prisoner would properly file a section 2241 petition)).

Under 28 U.S.C. § 2254, a habeas petition may be filed in federal court by any person "in custody pursuant to the judgment of a State court," "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A section 2254 petition applies to challenges to the fact of a state inmate's conviction or the length or execution of his sentence.  *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement"); *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 279 (2d Cir. 2003) ("A state prisoner . . . according to the terms of section 2254 must, bring a challenge to the execution

2

of his or her sentence . . . under section 2254.  A petition under section 2241 is therefore unavailable to him.").

The petition filed in the second/member case challenges the petitioner's custody pursuant to the 2002 state court convictions for murder and carrying a pistol without a permit on grounds of double jeopardy and false imprisonment.  Thus, the petition should have been filed pursuant to 28 U.S.C. § 2254.  *See James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002) ("[I]t is the substance of the petition, rather than its form, that" governs).

The Court of Appeals for the Second Circuit has held that district courts may not *sua sponte* convert post-conviction motions or petitions brought under some other provision, into motions pursuant to 28 U.S.C. § 2255 or 28 U.S.C. § 2254 without first giving the petitioner notice and an opportunity to decline the conversion or withdraw the motion.  *See Cook*, 321 F.3d at 277–79, 281 (applying holding in *Adams v. United States*, 155 F.3d 582 (2d Cir.1998) to the conversion of a section 2241 petition filed by an inmate challenging his state sentence to a section 2254 petition because a section 2254 petition, like a section 2255 motion, is subject to the gatekeeping rule of section 2244(b) that bars second or successive petitions); *Adams*, 155 F.3d at 583–84 (before a mislabeled petition can be properly re-characterized as a motion under section 2255, the district court must provide notice of its intent to re-characterize the petition and offer the petitioner the opportunity to agree to the re-characterization or to choose to withdraw the petition instead).

Pursuant to 28 U.S.C. § 2244(b)(2), an inmate may file a second or successive petition under very limited circumstances.[1] In *Adams* and *Cook*, the Second Circuit's concern was that if a district court were to construe a motion or petition as one filed pursuant to section 2254 or section 2255, an inmate might be precluded under sections 2255(h) or 2244(b) from seeking federal review of potentially meritorious claims in a second or successive petition or motion filed at a later date. *See Cook*, 321 F.3d at 282 ("converting a *pro se* habeas petition filed under a statute not subject to the severe second or successive restrictions of section 2244 . . . could cause the petitioner to forfeit unnecessarily and unintentionally a meritorious claim") (internal quotation marks omitted); *Adams*, 155 F.3d at 583 (district court that elected to treat a motion or petition as a section 2255 motion "might cause . . . subsequent filing of a [section 2255] motion . . . to be barred as a second [or successive section 2255 motion] . . . [and] may result in a disastrous deprivation of a future opportunity to have a well-justified grievance adjudicated").

---

[1]    A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)&(B).

Here, Wright has a pending section 2254 petition for writ of habeas corpus.  He does not

indicate that he filed a prior petition for writ of habeas corpus pursuant to section 2254 in this

court that was denied on the merits.  Thus, I am reluctant to re-characterize the second petition as

a petition for writ of habeas corpus brought pursuant to section 2254.

In accordance with the instructions of the Second Circuit in *Adams* and *Cook*, I will

permit Wright to either: (1) agree to the re-characterization of the petition filed in *Wright v.*

*Falcone*, Case No. 3:15-cv-1308 (SRU), as a motion for leave to file a second amended section

2254 petition in *Wright v. Lee*, Case No. 3:09-cv-1206 (SRU), to add new claims; or (2)

"withdraw the [petition] rather than have it so re-characterized."  *Adams*, 155 F.3d at 584.[2]

**Conclusion**

Within twenty-one (21) days of the date of this order, Wright shall file a Notice in which

he either: (1) agrees to the re-characterization of the petition for writ of habeas corpus filed

pursuant to 28 U.S.C. § 2241 in *Wright v. Falcone*, Case No. 3:15-cv-1308 (SRU), as a motion to

file a second amended petition for writ of habeas corpus pursuant to section 2254 in *Wright v.*

*Lee*, Case No. 3:09-cv-1206 (SRU); or (2) withdraws the petition filed in *Wright v. Falcone*,

---

[2] As stated above, there are restrictions on filing second or successive petitions challenging the same conviction.  *See* 28 U.S.C. § 2244(b)(2).  Furthermore, a petitioner who seeks to file a second or successive habeas corpus petition must obtain leave of the appropriate court of appeals for an order authorizing the district court to consider such second or successive application.  *See* 28 U.S.C. § 2244(b)(3)(A).   Thus, the petitioner is cautioned that if he decides to withdraw the section 2241 petition filed in *Wright v. Falcone*, Case No. 3:15-cv-1308 (SRU), and proceeds only as to the claims in the first amended petition filed in *Wright v. Lee*, Case No. 3:09-cv-1206 (SRU), he will run the risk that any such subsequent federal petition that might raise the claims asserted in *Wright v. Falcone*, Case No. 3:15-cv-1308 (SRU), will not be considered by this court because it will be a second or successive petition  *See* 28 U.S.C. § 2244(b).

Case No. 3:15-cv-1308 (SRU), rather than have the court re-characterize it as a motion to file a second amended petition for writ of habeas corpus pursuant to section 2254.

If Wright withdraws the petition filed in *Wright v. Falcone*, Case No. 3:15-cv-1308 (SRU), or does not respond to this order, I will dismiss the petition in *Wright v. Falcone*, Case No. 3:15-cv-1308 (SRU), and the case will proceed only as to the claims raised in the first amended petition filed in *Wright v. Lee*, Case No. 3:09-cv-1206 (SRU).  If Wright agrees to re-characterize the petition filed pursuant to 28 U.S.C. § 2241 in *Wright v. Falcone*, Case No. 3:15-cv-1308 (SRU), as a motion to file a second amended petition for writ of habeas corpus pursuant to section 2254 in *Wright v. Lee*, Case No. 3:09-cv-1206 (SRU), I will issue an order directing the Clerk to docket the petition as a motion to amend and an order directing the respondent to file a response to the motion to amend.

In view of this order, the Respondent's Motion to Treat Petition as Motion to Amend Petition [**Doc. No. 103**] and the Petitioner's Motions to Dismiss [**Doc. No. 104**], to Withdraw the Petition [**Doc. No. 105**], for Relief from Judgment or Order [**Doc. No. 100**], for Immediate Hearing [**Doc. No. 108**], and for a Court Order [**Doc. No. 109**] are **DENIED** without prejudice as moot.

So ordered.

Dated at Bridgeport, Connecticut, this 11th day of January 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge