UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IAN WRIGHT,
      Petitioner,

v.

WARDEN LEE,
      Respondent.

No. 3:09-cv-01206 (SRU)

## RULING AND ORDER

Currently pending before me are Wright's motions for court order, Doc. No. 120; for an immediate hearing, Docs. No. 121 & 127; for severance, Doc. No. 123; for status conference, Doc. No. 124; for disqualification, Doc. No. 125; and to supplement the affidavit in support of his motion for disqualification, Doc. No. 126. I grant Wright's motion to supplement the affidavit in support of his motion for disqualification, and deny his other motions.

**I.    Notice of Withdrawal [Doc. No. 117]**

On July 29, 2009, Wright initiated the instant action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his 2002 convictions for murder and for carrying a pistol without a permit. Doc. No. 1. On April 14, 2010, I granted Wright's motion to stay the action until he exhausted all of his claims. *See* Doc. No. 12. On May 22, 2013, I granted Wright's motion to lift the stay. *See* Doc. No. 24. On February 10, 2014, on Wright's motion, I re-imposed the stay. *See* Doc. No. 41. On April 7, 2014, Wright filed a motion to lift the stay and an amended petition for writ of habeas corpus. *See* Doc. No. 44. The State filed a response to the amended petition on October 9, 2014. *See* Doc. No. 72. From November 2014 to November 2015, Wright sought, and I granted, leave to file multiple memoranda and appendices in reply to the State's response to the amended petition. *See* Docs. Nos. 81–102.

On August 31, 2015, Wright filed a second habeas petition pursuant to 28 U.S.C. § 2241, in which he challenged the same 2002 convictions that are the subject of the present petition. *See Wright v. Falcone*, No. 3:15-cv-1308 (SRU). The *Falcone* petition raised two new claims. *See id.*, Doc. No. 1. On November 10, 2015, the State moved to treat the *Falcone* petition as a motion to amend the amended petition in the present case. *See id.*, Doc. No. 7. In response, on November 17, 2015, Wright filed motions to dismiss and to withdraw the *Falcone* petition. *See id.*, Docs. Nos. 8 & 9.

On November 17, 2015, in the current action, Wright filed a motion for relief from judgment. *See* Doc. No. 100. On November 28, 2015, I issued an order consolidating *Wright v. Falcone* with the present case. *See* Doc. No. 106. Pursuant to the order of consolidation, the Clerk docketed in the instant case Wright's motions to dismiss and to withdraw the *Falcone* petition, and the State's motion to treat the *Falcone* petition as a motion to amend the amended petition in the present case. On November 24, 2015, Wright filed motions for an immediate hearing and for a court order. *See* Docs. Nos. 108 & 109.

On January 11, 2016, I denied Wright's motions to dismiss and to withdraw the *Falcone* petition; for relief from judgment or order; for an immediate hearing; and for a court order, as well as the State's motion to treat the *Falcone* petition as motion to amend the amended petition in the present action. *See* Doc. No. 116. I also directed Wright to file a notice in which he either: (1) agreed to characterize the section 2241 *Falcone* petition as a motion for leave to file a second amended section 2254 petition in the instant case; or (2) withdrew the *Falcone* petition. *See id.* at 5–6. I further ruled that if Wright withdrew the *Falcone* petition or did not respond to my order, I

2

would dismiss that petition, and the current action would proceed only with regard to the claims raised in Wright's first amended petition. *See id.* at 6.

On January 13, 2016, Wright filed a notice of withdrawal of the *Falcone* petition. Therefore, I dismiss the petition for writ of habeas corpus filed in *Wright v. Falcone*, No. 3:15-cv-1308 (SRU), Doc. No. 1. The Clerk shall also docket a copy of this Order in *Wright v. Falcone*, Case No. 3:15-cv-1308 (SRU), and indicate in the docket text that the *Falcone* petition has been dismissed.

II.     **Motion for Court Order [Doc No. 120]**
        **Motions for an Immediate Hearing [Docs Nos. 121 & 127]**
        **Motion for Severance [Doc. No. 123]**

In Wright's motion for court order, Doc. No. 120, he seeks rulings on (i) his motion to file a supplemental reply to the State's memorandum in opposition to his amended habeas petition, Doc. No. 110, and (ii) his notice of withdrawal of the *Falcone* petition, Doc. No. 117. On December 3, 2015, I granted Wright's motion to file a supplemental reply to the State's memorandum in opposition, and directed the Clerk to docket the supplemental reply attached to Wright's motion. *See* Doc. No. 112. The Clerk docketed the supplemental reply on December 7, 2015. *See* Doc. No. 113. Because I previously ruled on Wright's motion to supplement his reply to the State's memorandum in opposition, and because I have now dismissed the *Falcone* petition, I deny Wright's motion for court order.

Wright also seeks an immediate hearing to address his motion for court order, and requests an order to sever the current case from *Wright v. Falcone*. Because I already ruled on Wright's motion for court order and dismissed the petition filed in *Wright v. Falcone*, I deny as moot Wright's motions for an immediate hearing and for severance.

3

## III.    Motion for Disqualification [Doc. No. 125]
   Motion to Supplement Affidavit [Doc. No. 126]

Wright moves to disqualify me, arguing that I have shown bias in favor of the State and prejudice towards him. Wright also has moved for leave to supplement the affidavit filed in support of his motion for disqualification. I grant Wright's motion for leave to supplement the affidavit, but deny his motion for disqualification.

A judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test employed to determine whether recusal is required is an objective one and is "based on what a reasonable person knowing all the facts would conclude." *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003) (citation omitted). A judge must recuse himself or herself if circumstances exist that constitute an objectively reasonable basis upon which to question the judge's impartiality, i.e., if circumstances show "a deep-seated favoritism or antagonism that would make fair judgment almost impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and "can only in the rarest circumstances evidence the degree of favoritism or antagonism required." *Id.*

In this case, Wright seeks my recusal because he claims that I have not ruled on his motion to supplement the record filed on December 1, 2015; that I have improperly consolidated the habeas petition filed in *Wright v. Falcone* with the current petition; and that I have refused to permit him to withdraw the habeas petition filed in *Wright v. Falcone*. None of those grievances provide a valid basis for my disqualification.

With regard to any delay, I note that Wright has filed multiple motions to supplement his initial reply to the State's memorandum in opposition to the amended petition. *See* Docs. Nos.

4

88, 89, 95, 96, 107, 110. Wright's initial reply to the State's memorandum alone was 37 pages long with 563 pages of attached exhibits. *See* Doc. Nos. 82, 83. I have granted all of Wright's motions both to supplement his initial reply and to supplement the exhibits attached to the replies. *See* Docs. Nos. 90, 99, 111, 112. As indicated above, I ruled on Wright's most recent motion for leave to supplement his reply to the memorandum in response to the petition on December 3, 2015, two days after the motion was filed. *See* Doc. No. 112.

It is evident from Wright's affidavit and exhibits in support of the motion for disqualification that he did not receive a copy of my December 3, 2015 Order granting his motion to supplement the reply. Accordingly, the Clerk is directed to send Wright a copy of that Order, Doc. No. 112, with a copy of this ruling.

Wright cannot seek my recusal simply because he is dissatisfied with my ruling denying his initial motions to withdraw the *Falcone* petition, or with my decision to consolidate that petition with the present one. As indicated above, I have now issued a formal order dismissing the *Falcone* petition pursuant to Wright's notice of withdrawal. Because Wright has not identified any factors that show a "deep-seated favoritism or antagonism" to support his claim that I have failed to be impartial in the instant case, I deny Wright's request for my disqualification. *Liteky*, 510 U.S. at 555.

**IV.    Motion for Status Conference [Doc. No. 124]**

Wright seeks a status conference to confirm (i) a date on which I will rule on his motion to supplement his reply to the State's memorandum in opposition, and (ii) a date on which I will rule on his amended habeas petition. As indicated above, I already have ruled on Wright's motion to supplement his reply to the State's response to the amended petition. I currently am

5

reviewing the claims in the amended petition, along with the State's memorandum and attached exhibits in opposition, and Wright's voluminous reply, supplemental replies and exhibits. As soon as I rule on the amended petition, the Clerk will forward to Wright a copy of that ruling. I conclude that a status conference is unnecessary, and deny Wright's motion.

## Conclusion

Pursuant to Wright's Notice of Withdrawal **[Doc. No. 117]**, the Petition for Writ of Habeas Corpus filed in *Wright v. Falcone*, **No. 3:15-cv-1308 (SRU) [Doc. No. 1]**, is DISMISSED. The Clerk shall also docket a copy of this Order in *Wright v. Falcone*, and indicate in the docket text that the petition in that action has been dismissed.

Wright's Motion for Court Order **[Doc. No. 120]** is **DENIED**. Wright's Motions for an Immediate Hearing **[Docs. Nos. 121 & 127]** and his Motion for Severance **[Doc. No. 123]** are **DENIED** as moot. Wright's Motion to Supplement Affidavit **[Doc. No. 126]** in support of motion for disqualification is **GRANTED**. The Clerk shall docket Wright's supplemental addendum to the affidavit in support of his motion for disqualification [**Doc. No. 126-1**]. Wright's Motion for Disqualification **[Doc. No. 125]** and the Motion for Status Conference **[Doc. No. 124**] are **DENIED**.

The Clerk is directed to mail Wright a copy of the December 3, 2015 Order **[Doc. No. 112]** with a copy of this ruling.

So ordered at Bridgeport, Connecticut, this 15th day of December 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge