UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IAN WRIGHT,<br>     Petitioner,<br><br>v.<br><br>CHARLES LEE, et al.,<br>     Respondents. | No. 3:09-cv-01206 (SRU) |

## RULING ON PENDING MOTIONS

Petitioner Ian Wright filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged his 2002 conviction for murder and carrying a pistol without a permit. Wright amended his petition on April 7, 2014. On July 10, 2017, I denied Wright's amended petition. *See Wright v. Lee*, 2017 WL 2938193 (D. Conn. July 10, 2017).

Wright has filed a number of post-judgment motions, including a motion to alter or amend the judgment, a motion for extension of time, a motion for leave to proceed *in forma pauperis* on appeal, a motion for free copies of the pleadings, a motion for a copy of the docket sheet, a motion for a certificate of appealability, and motions for a hearing and a status conference. For the reasons set forth below, I deny all of Wright's motions.

### I.     Motion to Alter or Amend the Judgment [Doc. No. 143]

Wright moves to alter or amend my ruling denying his habeas petition. On August 9, 2017, Wright filed a notice of appeal of my order denying the amended habeas petition and the judgment entered in favor of the respondents. On February 6, 2018, the United States Court of Appeals for the Second Circuit issued a Mandate that denied Wright's motions for a certificate of appealability and to proceed *in forma pauperis*, and dismissed Wright's appeal because Wright

had not "made a substantial showing of the denial of a constitutional right." Mandate, Doc. No. 157 (quoting 28 U.S.C. § 2253(c)); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

A. Standard of Review

The Second Circuit has observed that a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) is essentially the same as a motion seeking reconsideration of a judgment or order—"each seeks to reopen a district court's decision on the theory that the court made mistaken findings in the first instance." *City of Hartford v. Chase*, 942 F.2d 130, 133–34 (2d Cir. 1991). Accordingly, "[c]ourts consider motions under Rule 59(e) pursuant to the same standard as that governing motions for reconsideration." *Allstate Ins. Co. v. Passaro-Henry*, 660 F. Supp. 2d 317, 325 (D. Conn. 2009); *see also Schwartz v. HSBC Bank USA*, 2017 WL 2634180, at *2 (S.D.N.Y. June 19, 2017) (collecting cases)

The standard for granting a motion for reconsideration is "strict," and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). The movant must identify "matters . . . that might reasonably be expected to alter the conclusion reached by the court," *id.*, such as "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013). Conversely, a Rule 59(e) motion should not be employed as "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

B. Discussion

In the amended petition for writ of habeas corpus, Wright asserted three grounds for relief. He argued that: (1) the state trial judge erred in failing to charge the jury on the defense of justification or self-defense regarding the conduct of a third party shooter (the "jury instruction claim"); (2) trial counsel was ineffective for failing to move for a bill of particulars on the first count of the information (the "trial counsel claim") and (3) appellate counsel was ineffective for failing to challenge the trial court's jury charge on accessorial liability (the "appellate counsel claim"). *See* Am. Pet., Doc. No. 45 at 12–13, 15–16, 18–19. I denied the jury instruction claim because I determined that the Connecticut Appellate Court had reasonably applied federal law in deciding that the Superior Court properly declined to give Wright's requested defense-of-others instruction. With respect to trial counsel claim and the appellate counsel claim, I concluded that both grounds for relief had been procedurally defaulted and were therefore barred from federal habeas review. Wright contends that I erred in denying each ground for relief.

In addressing Wright's jury instruction claim, I observed that Wright argued that the Superior Court's failure to charge the jury on the defense of justification or self-defense regarding the conduct of a third party shooter deprived him of his fundamental right to present a defense, which is guaranteed by the Due Process Clause of the Fourteenth Amendment. *See Wright*, 2017 WL 2938193, at *6. I analyzed Wright's constitutional claim under the standards set forth in *Estelle v. McGuire*, 502 U.S. 62 (1991), *Cupp v. Naughten*, 414 U.S. 141 (1973), and other Supreme Court decisions, and I concluded that the omission of Wright's preferred instruction on self-defense or justification did not deny Wright due process. *See id.* at 7. Therefore, I held, the Connecticut Appellate Court did not unreasonably apply federal law in affirming the Superior Court's decision not to charge the jury on Wright's defenses related to the conduct of others. *Id.*

3

Wright argues that I based my decision on erroneous factual findings and unreasonably applied the standard set forth in *Estelle*, 502 U.S. at 67–68. Wright contends that he met his burden of demonstrating that the jury charge deprived him of a federal constitutional right. Wright does not indicate, however, how my decision erroneously applied *Estelle*. As a result, Wright has not identified any case law, information, or evidence that I overlooked in denying his jury instruction claim. I deny Wright's motion to alter or amend the judgment denying the first ground for relief raised by his amended petition for writ of habeas corpus.

With respect to Wright's second and third grounds for relief, I concluded both were procedurally defaulted. As I noted, "[a] prerequisite for habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies." *Wright*, 2017 WL 2938193, at *8 (citing 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)). "To satisfy the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court . . . in order to give state courts a full and fair 'opportunity to pass upon and correct alleged violations of [state] prisoners' federal rights.'" *Id.* (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)). In addition, "[u]nder the procedural default doctrine, a federal court will not review the merits of a claim raised in a habeas petition . . . if (1) the state court declined to address the claim because the prisoner 'failed to meet a state procedural requirement,' and (2) the state court decision is based on 'independent and adequate state procedural grounds.'" *Id.* at *10 (quoting *Walker v. Martin*, 562 U.S. 307, 315–16 (2011)). A defaulted claim may be reviewed only if the petitioner "demonstrate[s] 'cause for his state-court default . . . and prejudice therefrom,'" or if he "can demonstrate a sufficient probability that [ ] failure to review his federal claim will result in a fundamental miscarriage of justice." *Id.* at *11 (quoting *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000)).

Wright offers no support for his contention that he met (or could meet) the cause and prejudice requirements that are generally required to permit federal review of a defaulted constitutional claim. Nor does he indicate which facts found by the court were erroneous. Instead, Wright recites some of the procedural history of each ground for relief and argues that neither ground was defaulted, because he fully and fairly exhausted them by filing his own brief with the Connecticut Appellate Court and his own petition for certification with the Connecticut Supreme Court on appeal from the denial of the first state habeas petition.

I previously considered Wright's arguments when I held that his appellate counsel claim had not been fully or fairly exhausted in the first state habeas petition and was, therefore, procedurally defaulted in the second state habeas petition. *See id.* at *8–*10. The appellate counsel claim was not exhausted, I concluded, because Wright's attorney did not raise it in his brief on appeal from the denial of Wright's first state habeas petition. Although Wright attempted to raise the same claim in supplemental briefs before the Appellate Court, he concedes that those briefs were not accepted for filing because he was represented by counsel. *See* Mot. Alter Amend J., Doc. No. 143, at 4, 6. Thus, the Appellate Court did not consider the arguments in those documents when deciding Wright's appeal from the denial of his first habeas petition.[1]

---

[1] Wright cites two cases in support of his contention that he fairly raised and apprised the Appellate Court of grounds two and three of the amended petition. *See* Mot. Alter or Amend J., Doc. No. 143, at 5. The first case, *Clemmons v. Delo*, 124 F.3d 944 (8th Cir. 1977), is a decision of the Eighth Circuit and does not bind this court. Nor is it persuasive. In *Clemmons*, the Eighth Circuit held that a prisoner had fully and fairly raised a constitutional claim before the Missouri Supreme Court "by filing his own pro se brief incorporating pleadings that raised it." *See id.* at 954. There, however, the respondents failed to identify a "state rule . . . that prohibit[ed] the filing of pro se briefs by parties already represented by counsel," and the petitioner "point[ed] to authority demonstrating that such pro se briefs ha[d] been accepted by the Missouri Supreme Court in other cases." *Id.* at 954 (internal quotation marks omitted). In Connecticut, by contrast, it appears well established that—absent permission from the court (which Wright does not claim to have obtained)—an appellant may not "file a 'pro se' brief in addition to the brief filed by her attorney." *See Varley v. Varley*, 168 Conn. 672, 672 (1975) (mem.); *see also Smith v. Smith*, 172

5

Although Wright included his appellate counsel claim in a second petition for certification to the Connecticut Supreme Court—filed over five years after the denial of his first petition for certification—I concluded that the second petition for certification did not constitute full or fair exhaustion of remedies. A litigant "may not exhaust a claim by first raising it in a petition for certification to the Connecticut Supreme Court, without raising it on appeal to the Appellate Court." *Wright*, 2017 WL 2938193, at *9 (citing *State v. Saucier*, 283 Conn. 207, 222 (2007)). Furthermore, I observed, the Connecticut Supreme Court is a "court of discretionary review, and nothing in [its] denial of Wright's petitions for certification indicates the court actually 'consider[ed]' his claims." *Id.* (quoting *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000)) (other internal quotation marks and citations omitted). Because Wright's "ineffective assistance of appellate counsel claim was procedurally barred," I held that it was "exhausted, but . . . procedurally defaulted." *Id.* at *10. Wright has not shown how my reasoning was erroneous.

With respect to Wright's trial counsel claim, I did not engage in an analysis of whether that claim had been exhausted, because the respondents argued only that the ground was procedurally defaulted. I determined that the trial counsel claim was, in fact, procedurally defaulted, because the state courts "expressly relied on [ ] state procedural reviews" in declining to hear it. *See id.* The Appellate Court "declined to review Wright's ineffective assistance of

---

Conn. 701 (1976) (mem.); *State v. Elliott*, 8 Conn. App. 566, 567 n.1 (1986); *cf. State v. Gibbs*, 254 Conn. 578, 611–12 (2000) (defendant who "made the conscious and voluntary choice to avail himself of the services of counsel . . . had no authority to make [a] motion pro se").

Wright also cites *Abdurrahman v. Henderson*, 897 F.2d 71 (2d Cir. 1990), in which the Second Circuit concluded that a section 2254 petitioner had exhausted his state court remedies with respect to a claim by filing a supplemental, *pro se* brief in support of the direct appeal of his conviction that raised the relevant claim. *See id.* at 73–74. *Abdurrahman* does not support Wright's argument, either, because in that case, the state appellate court actually "reviewed the defendant's . . . supplemental *pro se* brief." *See People v. Abdurrahman*, 135 A.D.2d 721, 721 (2d Dep't 1987) (per curiam). Here, conversely, the Appellate Court denied to consider Wright's *pro se* brief. *See Wright v. Comm'r of Corr.*, 106 Conn. App. 342 (2008).

counsel claim on appeal from the denial of his first state habeas petition" because he had failed to provide an adequate record for review under the "definite, well-established and regularly applied" standard of Conn. Prac. Book § 66-5, *see Wright*, 2017 WL 2938193, at *10 (citing *Wright v. Comm'r of Corr.*, 106 Conn. App. 342, 345 (2008)). The trial court likewise "dismissed Wright's ineffective assistance of trial and appellate counsel claims in his second state habeas petition" because those claims were successive under Conn. Prac. Book § 23-29(3)). *See Wright*, 2017 WL 2938193, at *10. Thus, I already considered Wright's inadequate attempts to exhaust his trial counsel claim.

Wright has not demonstrated that I overlooked information or facts, or misapplied or overlooked applicable law, when I concluded that his trial and appellate counsel claims were procedurally defaulted. I deny Wright's motion to alter or amend the judgment denying the second and third grounds for relief raised by his amended petition for writ of habeas corpus.

I conclude that Wright has not made a "substantial showing of the denial of a constitutional right," and that "reasonable jurists could [not] debate whether . . . the petition should have been resolved in a different manner." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, I decline to issue a certificate of appealability for this ruling. *See* 28 U.S.C. § 2253(c)(2); *cf. Jackson v. Albany Appeal Bureau Unit*, 442 F.3d 51, 54 (2d Cir. 2006).

II. **Motion for Extension of Time [Doc. No. 144]**
**Motion for Leave to Proceed *In Forma Pauperis* [Doc. No. 145]**
**Motion for Certificate of Appealability [Doc. No. 150]**

Wright seeks a thirty-day extension of time after the court rules on his motion to alter or amend judgment to prepare a motion for certificate of appealability to be filed in this court. Wright already filed a motion for certificate of appealability. *See* Doc. No. 150. Accordingly, I deny his motion for extension of time.

7

In denying Wright's amended petition for writ of habeas corpus, I determined that a certificate of appealability would not issue because Wright had failed to make a showing that he was denied a right protected by the constitution or federal law. *See Wright*, 2017 WL 2938193, at *13. As set forth above, I also have declined to issue a certificate of appealability for this ruling. Wright has filed a motion seeking a certificate of appealability for both my order denying the section 2254 petition and my order denying the denying the motion to alter or amend judgment.

Wright's motion for a certificate of appealability includes the same arguments that he raised in his motion to alter or amend judgment. *See* Mot. Certificate Appealability at 3–11. Because I already have thoroughly addressed those arguments, I conclude that there is no basis to vacate or revise my prior determinations declining to issue certificates of appealability. I deny Wright's motion seeking certificates of appealability.

Finally, Wright seeks leave to proceed *in forma pauperis* on appeal. In denying Wright's amended petition for writ of habeas corpus, I ruled that an appeal would not be taken in good faith and a certificate of appealability would not issue. *See Wright*, 2017 WL 2938193, at *13. Because I have certified in writing that an appeal would not be taken in good faith, Wright is not permitted to proceed *in forma pauperis* on appeal. *See* 28 U.S.C. 1915(a)(3). I deny Wright's motion for leave to proceed *in forma pauperis*.

### III. Motion for Free Copies of Pleadings [Doc. No. 146]
### Motion to Use Original Records [Doc. No. 147]
### Motion for Docket Sheet [Doc. No. 149]

Wright seeks an order directing the respondent to provide him with free copies of documents for his appeal in order to comply with rules of the United States Court of Appeals for the Second Circuit. Wright does not identify any documents that he needs to file with the Second Circuit, and the Second Circuit already has dismissed his appeal. Accordingly, I deny as moot Wright's motion for free copies of pleadings or documents from the court's docket.

Wright also seeks to "use the original records made in the District Court to perfect the appeal." Mot. Leave Original Records at 1. Wright files the motion pursuant to Federal Rule of Appellate Procedure 24(c), which provides that "[a] party allowed to proceed on appeal *in forma pauperis* may request that the appeal be heard on the original record without reproducing any part." Neither this court nor the Court of Appeals has permitted Wright to proceed *in forma pauperis* on appeal. *See* Mandate, Doc. No. 157 (denying Wright's motions for a certificate of appealability and to proceed *in forma pauperis* and dismissing the appeal). Furthermore, neither court has required Wright to reproduce any part of the original record.[2] I deny Wright's motion for leave to use original records.

Wright also seeks a copy of the docket sheet in order to prepare his appendix for his brief to be filed on appeal. Because the Second Circuit has dismissed the appeal, I deny as moot Wright's motion for a docket sheet.

### IV.   Motions for Hearing and for Status Conference [Docs. Nos. 153 & 154]

Wright seeks a hearing and a status conference to discuss his pending motions. Because I have denied all of Wright's pending motions, I deny as moot his motions for hearing and a status conference.

### V.   Conclusion

The Motion to Alter or Amend Judgment **[Doc. No. 143]** and the Motion for Certificate of Appealability [**Doc. No. 150**] are **DENIED**. I adhere to my prior ruling **DECLINING** to issue a certificate of appealability on the Ruling [**Doc. No. 139**] denying the Amended Petition for Writ of Habeas Corpus. I further **DECLINE** to issue a certificate of appealability for my ruling

---

[2] When an appeal is filed, the Clerk of this Court electronically emails the docket sheet and documents filed in the case to the Court of Appeals for the Second Circuit. *See* Doc. No. 151.

denying Wright's Rule 59(e) motion to alter or amend judgment because Wright has not made a "substantial showing of the denial of a constitutional right" such that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See* 28 U.S.C. § 2253(c)(2); *Slack*, 529 U.S. at 484; *Jackson*, 442 F.3d at 54.

The Motion to Acquire Free Copies of Pleadings [**Doc. No. 146**], the Motion for a Docket Sheet [**Doc. No. 149**], the Motion for a Hearing [**Doc. No. 153**] and the Motion for a Status Conference [**Doc. No. 154**] are **DENIED** as moot.

The Motion for Leave to Proceed *In Forma Pauperis* [**Doc. No. 145**] on Appeal, the Motion for Extension of Time to prepare a motion for certificate of appealability [**Doc. No. 144**] and the Motion to Use Original Records [**ECF No. 147**] are **DENIED**.

So ordered.

Dated at Bridgeport, Connecticut, this 19th day of March 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge